UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRIAN HARBAGE, *et al.*,

      Plaintiffs,                          Case No. 3:25-cv-29

vs.

LARRY B. DILLIN, *et al.*,                District Judge Michael J. Newman
                                        Magistrate Judge Caroline H. Gentry

      Defendants.

---

**ORDER: (1) GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. No. 12); (2) REMANDING THIS CASE TO THE CLARK COUNTY, OHIO COURT OF COMMON PLEAS; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

      This civil case is before the Court following Plaintiffs Brian Harbage, Jennifer Harbage, and Always In It LLC ("Harbage LLC")'s motion to remand to the Clark County, Ohio Court of Common Pleas. Doc. No. 12. Defendants Larry B. Dillin; Dillin Financial, LLC; Dillin Champion's Park REH, LLC; and DH Champions, LLC ("DH Champions") responded (Doc. No. 16), and Plaintiffs replied. Doc. No. 17. Thus, this matter is ripe for review.

**I.**

      Plaintiffs initiated this case in the Clark County Common Pleas Court on January 3, 2025. Doc. No. 2-1 at PageID 107. Defendants timely removed the case to this Court, asserting diversity jurisdiction under 18 U.S.C. § 1332(a). Doc. No. 1 at PageID 1; *see* 28 U.S.C. § 1441(a). Defendants then indicated that Larry B. Dillin's citizenship at the time of filing this action was Illinois. Doc. No. 1 at PageID 3. Defendants further asserted that the remaining defendants Dillin Financial, Dillin Champion's Park REH, and DH Champions are each "Ohio limited liability companies," but the companies are LLCs with only one member, Larry B. Dillin, meaning their

citizenship is also Illinois.  Doc. No. 1 at PageID 3; *see Akno v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citations omitted).

Plaintiffs, on the other hand, allege that DH Champions "is a joint venture between Defendant Dillin Financial LLC and Plaintiff Harbage LLC[,]" and "'DH' in DH Champions was intended to refer to the names of the parties involved in the venture: Dillin and Harbage."  Doc. No. 12.  Plaintiffs allege Harbage LLC has citizenship in Ohio.  Doc. No. 11 at PageID 188 (7.1(a)(2) report); Doc. No. 12 at PageID 195.  As Plaintiff Harbage is a member of Defendant DH Champions, Plaintiffs contend the parties lack complete diversity because Defendant DH Champions is an LLC and would consequently also be a citizen of Ohio, like Plaintiff Harbage.  Doc. Nos. 12, 17.

Plaintiffs further allege Defendants failed to demonstrate Defendant Larry Dillin's was domiciled in Illinois at the time the action was filed and assert, in fact, he was domiciled in Ohio.  Doc. Nos. 12, 17.  Defendants contest this issue and have provided an affidavit, along with exhibits, that, in Defendant's view, show Mr. Dillin was an Illinois citizen.  Doc. No. 16 at PageID 304-08; Doc. No. 16-1.

## II.

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Two bases for jurisdiction exist: federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.  Diversity jurisdiction exists where all plaintiffs are citizens of different states than all defendants, and the amount in controversy exceeds $75,000.[1]  28 U.S.C. § 1332(a)(1).  "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants,

---

[1] The parties agree that the $75,000 amount in controversy is satisfied.  Doc. No. 12 at PageID 193; Doc. No. 16 at PageID 304.

and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The removing party bears the burden of proving that this Court would have had subject matter jurisdiction if the non-removing party had filed the complaint in federal court, and "all doubts should be resolved against removal." *See Harnden v. Jayco, Inc*., 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)). "Diversity of citizenship must exist as to a party both at the time the state action is commenced and at the time the defendant files the petition for removal." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993).

"A limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members." *Akno*, 43 F.4th at 626 (first citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); and then citing *B&N Coal, Inc. v. Blue Race Midstream, LLC*, No. 19-4111, 2020 WL 9474311, at *1 (6th Cir. Dec. 2, 2020)). "Just one non-diverse member or sub-member can destroy diversity jurisdiction*." US Framing Int'l LLC v. Cont'l Bldg. Co.*, --- F.4th ----, 2025 WL 1024422, at *2 (6th Cir. Apr. 7, 2025) (citing *Delay*, 585 F.3d at 105). A removing defendant's notice of removal must affirmatively allege the citizenship of each party, including LLCs. *See, e.g.*, *B&N Coal*, 2020 WL 9474311, at *1.

## III.

Having carefully and thoroughly considered the briefing in support of, and in opposition to, Plaintiffs' motion, along with the affidavits, the Court has concerns regarding the citizenship of DH Champion and, to some degree, Larry B. Dillin.  As such, and because "removal statutes are to be strictly construed and 'all doubts resolved against removal,'" *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (citations omitted), this Court finds it appropriate to **REMAND** the case to the Clark County Common Pleas Court.

3

**IV.**

This Court therefore **ORDERS** this case be **REMANDED** to the Clark County, Ohio Court of Common Pleas.  Plaintiffs' motion for remand (Doc. No. 12) is **GRANTED**, and this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

April 29, 2025                                   s/*Michael J. Newman*
                                                Hon. Michael J. Newman
                                                United States District Judge